291 So.2d 697 (1974)
Fred SYKES (Sikes)
v.
STATE of Mississippi.
No. 47702.
Supreme Court of Mississippi.
March 11, 1974.
C.E. Morgan, III, Kosciusko, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
Fred Sykes was tried and convicted in the Circuit Court of Attala County of the crime of armed robbery, and was sentenced *698 to serve 25 years in the Mississippi State Penitentiary.
On the night of January 17, 1973, James Anderson Jr., a college student, was hitchhiking to Columbus, Mississippi, and approached a car occupied by appellant Sykes and Don Seely, which car had stopped in front of Morgan's Trace Twelve Store near the intersection of the Natchez Trace and State Highway 12.
Sykes was sitting on the passenger side of the front seat and asked Anderson as he approached what did he have to bargain with for a ride. Anderson answered that he had only a dime and Sykes queried him about having more than that in his pocket. Anderson in attempting to get only a dime out of his pocket inadvertently pulled out two ten dollar bills and two five dollar bills. Sykes jerked these bills out of his hand and at the same time pulled a pistol on Anderson. Sykes scared Anderson so badly that Anderson offered him everything he had if he would just not kill him. Seely and Sykes drove off with Anderson's money.
Later that same night Sykes and Seely were apprehended in Canton, Mississippi, and upon being identified by Anderson were put in jail and later indicted for armed robbery.
Appellant has assigned three errors:
(1) The Court erred in overruling the defendant's motion for a new trial;
(2) The Court erred in refusing to grant defendant's instruction No. 5; and
(3) The verdict of the jury was against the overwhelming weight of the evidence.
In Register v. State, 232 Miss. 128, 97 So.2d 919 (1957), this Court, quoting from Thomas v. State, 91 Ala. 34, 9 So. 81 (1891), said:
"The three essential elements of the offense are felonious intent, force or putting in fear as a means of effectuating the intent, and by that means a taking and carrying away of the property of another from his person or in his presence. In the nature of things, all these elements must concur in point of time, else the act done is not rounded out to the full measure of the capital felony. If force is relied on in proof of the charge, it must be the force by which another is deprived of, and the offender gains, the possession. If putting in fear is relied on, it must be the fear under duress of which the possession is parted with. The taking, as it has been expressed, must be the result of the force or fear; and force or fear which is a consequence, and not the means, of the taking, will not suffice." 232 Miss. at 132, 97 So.2d at 921-922.
The testimony in this case meets the test that these three essential elements of the crime of armed robbery concurred in point of time. The taking of the money and the exhibition of the pistol, which put Anderson in fear of his life and kept him from trying to get back his money, were simultaneous and contemporaneous events.
Both Sykes and Seely in their testimony admitted that Sykes pulled a gun on Anderson but contended that the reason was because Anderson reached in his pocket. Sykes denied that he took any money from Anderson.
The guilt or innocence of the appellant was for the jury to decide, and there was ample evidence to justify the jury in finding the defendant guilty of armed robbery beyond a reasonable doubt.
The court was correct in refusing defendant's instruction No. 5 because that instruction contained this objectionable language: "[T]he particular intent of the accused must be one in which substantial gain in money or property was the dominant or primary purpose ..." The word "substantial" has no place in an instruction on armed robbery, and was calculated to mislead the jury.
*699 Appellant contends that without this instruction there was no instruction to the jury on the necessary intent. State's instruction No. 1 was a complete instruction on the three essential elements of the offense, including felonious intent, so this contention is without merit.
Finally the appellant contends that the verdict is against the overwhelming weight of the evidence. This contention is without merit. There was ample testimony, if believed by the jury, to support the verdict of guilty. The jury was justified in finding from the testimony adduced that the defendant was guilty beyond a reasonable doubt. The conviction and sentence are, therefore, affirmed.
Affirmed.
GILLESPIE, C.J., and SMITH, WALKER and BROOM, JJ., concur.