# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 97-KA-00773 COA

**THOMAS ALEXANDER CLAYTON**                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/24/97 |
| TRIAL JUDGE: | HON. C. E. MORGAN III |
| COURT FROM WHICH APPEALED: | MONTGOMERY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | H. LEE BAILEY JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | FELONY CRIME OF ROBBERY: SENTENCED TO SERVE A TERM OF 15 YRS WITH THE MDOC WITH 7 YRS SUSPENDED FOR A PERIOD OF 5 YRS BEGINNING UPON HIS RELEASE FROM INCARCERATION WITH 8 YRS TO SERVE & TO PAY A FINE OF $1,500 |
| DISPOSITION: | AFFIRMED - 1/26/99 |
| MOTION FOR REHEARING FILED: | 2/8/99 |
| CERTIORARI FILED: | 5/4/99 |
| MANDATE ISSUED: | |

BEFORE THOMAS, P.J., SOUTHWICK AND KING, JJ.

KING, J., FOR THE COURT:

¶1. Thomas Alexander Clayton was convicted of robbery and sentenced to serve a term of fifteen years, with seven years suspended, in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Clayton has appealed and assigned seven points of error:

**I. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF**

**THE EVIDENCE.**

**II. THE COURT ERRED IN DENYING CLAYTON'S MOTION FOR DIRECTED VERDICT.**

**III. THE COURT ERRED BY DENYING CLAYTON'S PEREMPTORY INSTRUCTION.**

**IV. THE COURT ERRED BY DENYING CLAYTON'S MOTION FOR A NEW TRIAL AND IN THE ALTERNATIVE FOR A JUDGMENT NOTWITHSTANDING THE VERDICT.**

**V. THE COURT ERRED IN OVERRULING THE MOTION OF CLAYTON TO SUPPRESS THE IDENTIFICATION EVIDENCE.**

**VI. THE COURT ERRED IN DENYING CLAYTON'S OBJECTION TO STATE'S INSTRUCTION S-1.**

**VII. NO EVIDENCE OF FEAR OF IMMEDIATE INJURY TO THE VICTIM TO EFFECTUATE THE TAKING OF THE PERSONAL PROPERTY WAS PRESENTED BY THE PROSECUTION.**

Finding no error, this Court affirms the circuit court judgment.

## FACTS

¶2. Shortly after 10:00 a.m. on January 10, 1997, Geneelan Lott drove her eighty-four year old sister-in-law, Lauree Lott Gray, to the Piggly-Wiggly Grocery Store in Winona, Mississippi. Ms. Lott parked her car near the front door of the store. As Ms. Gray got out of the car and began to walk into the store, Clayton grabbed her purse, ran to a parked car, and jumped in on the passenger side.

¶3. Ms. Lott noticed what had occurred and ran over to assist Ms. Gray. She looked around and saw Clayton jump into the passenger seat of a car. She did not see his face.

¶4. After the robbery, both ladies went inside the Piggly-Wiggly to call the police. According to the police log, that call was received at 10:18 a.m.. Ms. Lott and Ms. Gray went to the police station less than an hour after the call was made.

¶5. While driving on Highway 51 in Winona, Johnny Hargrove, Chief of the Winona Police Department, noticed a gray Buick run the red light near the Piggly-Wiggly. He followed the car for a few minutes, after which it pulled to the side of the highway. This was at approximately 10:21 a.m. Having received a call that someone had been robbed at the Piggly-Wiggly, Chief Hargrove searched the car and then arrested both the driver, Anthony Brown, and Clayton, a passenger in the front passenger seat.

¶6. A search of the car revealed Ms. Gray's purse located behind the driver's seat. The contents of her purse were found on the floorboard of the front passenger seat.

¶7. Clayton was subsequently charged with robbery. After a trial in this matter, the jury convicted Clayton. His motion for new trial and judgment notwithstanding the verdict having been denied, he now appeals his

conviction and sentence.

## DISCUSSION

### *Sufficiency of the Evidence*

¶8. Clayton contends that the State failed to prove the element of "fear of immediate injury," and therefore his peremptory instruction, and motions for direct verdict and judgment notwithstanding the verdict should have been granted. He argues that violence, rather than fear, resulted in the taking of Ms. Gray's purse.

### Standard of Review

¶9. In appeals from an overruled motion for directed verdict, peremptory instruction, and judgment notwithstanding the verdict, the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. *McClain v. State*, 625 So.2d 774, 778 (Miss. 1993). "The credible evidence . . . consistent with guilt must be accepted as true." *Id*. "The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence." *Id*. "Matters regarding the weight and credibility of the evidence are to be resolved by the jury." *Id*. "We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." *Id.*

### Law and Analysis

¶10. Miss. Code Ann. § 97-3-73 (Rev.1994) defines robbery as taking "the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting him in fear of some immediate injury to his person." Clayton was charged with committing robbery by placing Ms. Gray in fear of immediate injury to her person.

¶11. The record indicates that Clayton grabbed Ms. Gray's purse. When he did so, Ms. Gray stated that she felt an immediate sensation similar to being struck by lightning. While not immediately aware of what was occurring, Ms. Gray also had a sense of apprehension. This apprehension marks the point at which the seed of fear was sown. As Clayton continued to tug and pulled the purse away, Ms. Gray realized what was occurring at which point the seed of fear germinated and flowered. These things happened as an unbroken sequence of events and were sufficiently contemporaneous with the taking of the purse to supply the required fear. *Sykes v. State*, 291 So.2d 697, 698 (Miss.1974).

¶12. While these facts indicated the existence of fear, the determination of whether this specific fear resulted in the taking of Ms. Gray's purse was a matter to be resolved by the jury. *Ingram v. State*, 483 So.2d 688, 689 (Miss.1986). The jury determined that it did. This Court finds that this determination is consistent with the evidence.

### *Weight of the Evidence*

¶13. Clayton contends that the evidence in the case at bar is against the overwhelming weight of the evidence and therefore, he should have been granted a new trial.

### Standard of Review

¶14. "In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this

Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial." *Isaac v. State*, 645 So.2d 903, 907 (Miss.1994).

## Law and Analysis

¶15. This Court finds that the following testimony supports the verdict of guilty:

(1) Ms. Gray testified that while in the police station she recognized Clayton as the person who robbed her. He had the same body build as the person who robbed her and wore a colorful jacket that was familiar to her.

(2) Ms. Lott saw the person who robbed Ms. Gray get into the passenger side of a car.

(3) Chief Hargrove testified that shortly after the robbery was reported at the Piggly- Wiggly, he pursued a car on a highway near the Piggly Wiggly. When the car stopped, Chief Hargrove arrested Clayton, who was sitting on the passenger side of the car. He found Ms. Gray's purse and its contents in this car.

(4) Although he did not see Clayton take the purse, Anthony Brown testified that he saw Clayton get into his car with Ms. Gray's purse.

¶16. Accepting as true the previous evidence, this Court does not find that the trial judge erred in failing to grant a new trial.

### *Identification Evidence*

¶17. Ms. Gray testified that she could did not see Clayton's face during the robbery. However, upon going to the police station, she recognized him in the hallway. She remembered that he had a large body build. He also wore the same colorful jacket. Clayton contends that this identification testimony was unreliable and based on circumstances having great potential for misidentification.

## Law

¶18. "The standard for determining the likelihood of misidentification set forth in *Neil v. Biggers*, 409 U.S. 188 (1972) and *Manson v. Brathwaite*, 432 U.S. 98 (1977) includes in its test of "reliability" the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated to the confrontation, and the time between the crime and the confrontation." *McNeal v. State*, 405 So.2d 90, 92-93 (Miss.1981).

## Analysis

¶19. To determine the likelihood of misidentification, the Supreme Court has stated that trial judges should consider several factors: the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated to the confrontation, and the time between the crime and the confrontation. This Court finds that the following evidence supports the reliability of Ms. Gray's identification:

(1) Less than an hour after the robbery, Ms. Gray went to the police station and recognized Clayton as the person who robbed her.

(2) Ms. Gray could not identify Clayton's face, but reiterated during direct and cross- examination that she remembered his colorful jacket and large body build. He wore the jacket at the police station.

(3) Shortly after the robbery, Clayton was arrested in the vicinity of the Piggly-Wiggly, and Ms. Gray's purse was in his possession.

This Court holds that a substantial likelihood of irreparable misidentification was not present.

¶20. Clayton also contends that Ms. Gray and Ms. Lott were told by someone at the police station that Clayton committed the robbery, and therefore the trial judge erred in admitting their identification testimony.[1] Clayton's contention is based solely on surmise and conjecture.

¶21. Ms. Gray denied that anyone stated to her that Clayton was the assailant. Ms. Lott stated that she did not remember if someone pointed Clayton out at the police station. Chief Hargrove testified that he did not point Clayton out to Ms. Gray at the police station. Clayton having provided no evidence to establish that Ms. Gary and Ms. Lott made an identification of Clayton under suggestive circumstances, this Court finds that the trial court properly admitted their testimony.

### Instruction S-1

¶22. Clayton contends that the trial court erred in allowing State Instruction S-1 because it did not track the language of the indictment. He argues that the language " $1,000 or more was taken " was included in the instruction rather than the language "the black purse and its contents" as stated in the indictment. Clayton's argument is without merit.

### Analysis

¶23. Clayton is correct in stating that the indictment included the language "black purse and its contents." However, he focuses solely on the taking of the black purse. The indictment also charges Clayton with taking the contents of the purse. Because the record reveals that the contents of Ms. Gray's purse included $1000, this Court does not find that the trial judge erred in admitting State Instruction S-1.

¶24. **THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN (15) YEARS WITH SEVEN (7) YEARS SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FINE OF $1500 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, PAYNE, AND SOUTHWICK, JJ., CONCUR. IRVING AND LEE, JJ., NOT PARTICIPATING.**

> 1. Ms. Lott testified that when walking in police station, she thought she recognized Clayton because someone had mentioned it to her. Although she could not identify Clayton's face, she remembered that he was a large man.